| iSEXTON, Judge,
dissenting.
I dissent from this opinion that implies that a valid opinion from this court does not exist in this matter. That opinion can only be correct if the order of the Louisiana Supreme Court eliminates or “wipes out” both of our previous opinions. If, on the other hand, our previous work is simply suspended during the reconsideration, then I suggest the implication that this court has not issued a valid opinion is in error.
A duly constituted panel of this court originally considered the case and ruled on a two to one vote to affirm the trial court. Five judges of this court granted a rehearing in *175 accordance with the rules of this court (after an erroneously constituted rehearing panel (as a result of a simple clerical error) had also voted to grant a rehearing). The correct five-judge panel, after consideration, maintained the original opinion on a vote of three to two.
Thereafter, the supreme court told us to “reconsider” en bane. We did, and four voted to maintain the previous opinion affirming the trial court, and four voted to overrule it. (However, I suggest there is a serious dispute among those voting to reverse as to the appropriate level of damages which should be awarded.)
At issue, then, is the effect of the perplexing supreme court order directing this court to reconsider this ease en banc (a procedure not contemplated by our rules). Was what we were ordered to do a “rehearing”? I seriously doubt that the supreme court ordered us to conduct a rehearing as the court used the word “reconsider,” rather than “rehearing.” Does it matter?
The question is: Does the supreme court order simply suspend our previous opinion and hold it in limbo until the en banc panel rules, or is the previous opinion eliminated?
|2It seems patently obvious to me that the supreme court order simply suspended our previous opinion until the vote of the en banc panel. When the en banc panel could not reach a decision by virtue of a 4-4 vote, then the last valid opinion of this court is reinstated or maintained because it has not been overruled. It should be emphasized that a majority of this court has not voted to overturn our previous opinion. I fail to see how a tie vote can supersede a previous valid opinion and thus render no result. We had a result, and it was not overturned, whether it was upon “rehearing” or “reconsideration.”
Hence, considering that both a properly constituted three-member and five-member panel of this court has voted to affirm the trial court, this may be a matter of nuance rather than substance.